```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION

RENEGADE SWISH, LLC              §
                                 §
VS.                              §   ACTION NO. 4:15-CV-677-Y
                                 §
EMILY A. WRIGHT                  §
```

### ORDER DENYING MOTION TO REALIGN, GRANTING MOTION TO REMAND, AND AWARDING COSTS AND FEES

Pending before the Court is the motion for remand and for costs, expenses and attorney's fees (doc. 6) filed by defendant and counter-plaintiff Emily A. Wright ("Wright"). Also pending is the motion to realign the parties (doc. 4) filed by plaintiff and counter-defendant Renegade Swish, LLC ("Renegade Swish").

### I. Factual and Procedural History

This lawsuit was originally filed on June 22, 2015, in Tarrant County, Texas, by Renegade Swish, alleging breach of an employment agreement by Wright, Renegade Swish's former employee. On August 12, Wright responded and filed a counterclaim asserting claims against Renegade Swish for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). On August 17, Renegade Swish non-suited its breach-of-contract claim in the state-court action, without prejudice.

Thereafter, on September 10, Renegade Swish, as counter-defendant, filed a notice of removal (doc. 1) with this Court. On September 21, Renegade Swish filed with this Court its motion to realign the parties (doc. 4), asserting that the only remaining claims arise under federal law and are asserted against Renegade Swish,

making Wright the **true** plaintiff.  (Mot. to Realign (doc. 4) 4.) On September 22, Wright filed a motion to remand requesting costs, expenses, and attorney's fees (doc. 6).

## II.  Federal Question Jurisdiction

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state-court action as to which a federal district court would have original jurisdiction.  The removing party bears the burden of establishing that federal subject-matter jurisdiction exists.  *See Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, . . . which mandate strict construction of the removal statute."  *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995).  Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction.  *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Accordingly, remand is proper when any doubt exists regarding federal jurisdiction.  *See Cyr v. Kaiser Found. Health Plan of Tex.*, 12 F. Supp. 2d 556, 565 (N.D. Tex. 1998).

Renegade Swish's only possible ground for federal jurisdiction is federal-question jurisdiction under 28 U.S.C. § 1331.  Under that section, this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Under the well-pleaded-complaint rule, "a federal court does not have federal question jurisdiction unless

a federal question appears on the face of the plaintiff's well-pleaded complaint." *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011). A defendant cannot, by merely "injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987). Accordingly, "there is no federal[-question] jurisdiction if the plaintiff properly pleads only a state law cause of action." *Elam*, 635 F.3d at 803 (internal quotations omitted). That federal law might provide a defense to a state-law cause of action does not create federal-question jurisdiction. *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

A defendant's federal counterclaims, like federal defenses, also may not serve as the basis for federal-question jurisdiction. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832, (2002). In *Holmes Group*, a defendant asserted a compulsory patent-law counterclaim and argued that the well-pleaded-complaint rule would allow the counterclaim to serve as the basis for federal-question jurisdiction. *Id.* at 828-30. The Supreme Court rejected the assertion, holding that "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." *Id.* at 831. The Supreme Court reasoned that "allowing responsive pleadings by the defendant to establish 'arising under' jurisdiction would undermine the clarity and ease of administration of the

well-pleaded-complaint doctrine, which serves as a 'quick rule of thumb' for resolving jurisdictional conflicts." *Id.* at 832. Accordingly, Wright's FLSA counterclaim against Renegade Swish cannot serve as the basis for federal-question jurisdiction.

### III.  Realignment

Renegade Swish urges, however, that the *Holmes Group* rule precluding counterclaims from serving as the basis for removal should not apply in this matter. Instead, Renegade Swish asserts that the *Holmes Group* rule and the well-pleaded-complaint rule are both satisfied if the parties are realigned. On the basis that the FLSA counterclaim is the only remaining affirmative claim in the suit, Renegade Swish asserts that it is the true defendant and Wright is the true plaintiff; as a result, it requests formal realignment to reflect that reality.

Generally, the test of proper alignment is whether the parties with the same "ultimate interests" in the litigation are on the same side of the controversy. *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010).

> When deciding whether parties should be realigned, courts must determine whether there is a "collision of interest" between the parties in question. *See Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010). "Whether the necessary 'collision of interest' exists must be ascertained from the 'principal purpose of the suit' and the 'primary and controlling matter in dispute.'" *Id.* (quoting *City of Indianapolis v. Chase Nat'l Bank of City of N.Y.*, 314 U.S. 63, 69, (1941)).

*GuideOne Specialty Mut. Ins. Co. v. Missionary Church of Disciples of Jesus Christ*, 687 F.3d 676, 681 n.2 (5th Cir. 2012). Realignment

is proper where there is no collision of interests between the parties. *See Griffin*, 621 F.3d at 388. Here, whether examining the principal purpose of the suit or the primary controlling matter in dispute, it is evident that the two opposing parties' interests collide. Realignment is therefore not required, and for reasons stated below, realignment is not proper.

In this case, "antagonistic parties are [not] on the same side of the ledger, and realignment would only serve the purpose of manufacturing federal jurisdiction." *See Arrow Fin. Servs., LLC v. Williams*, No. 10-3416-CV-S-DW, 2011 WL 9158435, at *4 (W.D. Mo. Jan. 20, 2011)(citing *Salge v. Buchanan*, 2007 WL 1521738, at * 4 n. 5 (S.D. Tex. May 24, 2007) (recognizing that "[c]ourts have seriously questioned whether the procedural mechanism of realignment can be used to support removal at all")). Realignment in these circumstances would "undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a 'quick rule of thumb' for resolving jurisdictional conflicts." *See Holmes Group,* 535 U.S. at 832. Realignment would also run contrary to the ruling in *Holmes Group* that counterclaims cannot establish the basis for federal-question jurisdiction. *See Holmes Group,* 535 U.S. at 831; *Arrow Fin. Servs.*, 2011 WL 9158435, at *4.

Moreover, realignment under these circumstances would promote forum shopping. On August 17, prior to removal, Renegade Swish's motion to nonsuit its breach-of-contract claim was granted *without prejudice*. Under similar facts, the court in *Arrow Financial Services* described a possible reason for a plaintiff to non-suit its claim

in state court:

> [Plaintiff] brought a breach of contact action in state court . . . [Defendant] answered and filed a counterclaim asserting a claim under a federal statute. Thereafter, [Plaintiff] ma[de] a strategic decision to dismiss its complaint without prejudice and remove the action . . . [that] claim has not been adjudicated and by dismissing without prejudice, [Plaintiff] may intend to re-assert the claim as a counterclaim [or setoff] in federal court if removal is permitted . . . the Court . . . will not re-align the parties to enable [Plaintiff] to forum shop.

*Arrow Fin. Servs.*, 2011 WL 9158435, at *4 (quoting *Chancellor's Learning Sys., Inc. v. McCutchen*, 2008 WL 269535, at *3 (N.D. Ohio Jan. 29, 2008)). To allow realignment under these circumstances would provide Renegade Swish with a procedural mechanism to circumvent the well-pleaded-complaint rule for the purpose of forum shopping. This Court declines to do so.

## IV. Attorneys' Fees

Wright asserts that she is entitled to costs and attorneys' fees incurred in litigating these motions to remand and realign. Under 28 U.S.C. § 1447, upon ordering a case remanded, a court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005). Wright argues that Renegade Swish lacked an objectively reasonable basis because its asserted basis for removal relies upon the case of *Sadeghian v. City of Aubrey, Texas*, 2001 WL 215931 (N.D. Tex. Mar. 1, 2001), which

has since been effectively overruled by the Supreme Court. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832, (2002). The overruling of *Sadeghian* was discussed and explained in *Blanco v. Equable Ascent Financial, LLC*, No. EP-12-CV-134-PRM, 2012 WL 2155005, at *2 (W.D. Tex. June 13, 2012), a case with similar facts as the present controversy.

In this matter, *Holmes Group* is controlling precedent that effectively overrules *Sadeghian*. There is no objectively reasonable basis for seeking removal in reliance upon *Sadeghian*. As a result, the Court concludes that Wright is entitled to her reasonable costs and attorney fees incurred in opposing removal of this action from state court.

## V.   Conclusion

Accordingly, it is ORDERED that Renegade Swish's motion for realignment is DENIED and Wright's motion to remand is GRANTED. Wright is awarded her reasonable costs and expenses incurred as a result of the removal, the amount of which the Court will assess in a subsequent order. No later than fourteen days after this order is entered on the docket, Wright shall electronically file a brief of no more than five pages discussing the reasonableness of the costs and fees she claims to have incurred in opposing removal. Wright's brief shall be accompanied by an affidavit with any supporting evidence detailing the amount of such fees and costs. Renegade Swish may, if it so desires, file a response brief no later than fourteen days after Swift's brief is filed. Swift may file a reply brief to Renegade Swish's response brief, if any, no later than seven days

after Renegade Swish's brief is filed.

This case is REMANDED to the 153rd Judicial District Court, Tarrant County, Texas.

SIGNED February 22, 2016.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE