IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **RENEGADE SWISH, LLC** | § § § | |
| **Plaintiff,** | § | |
| vs. | § § | **CASE NO. 4:15-cv-00677-Y** |
| **EMILY A. WRIGHT** | § § | |
| **Defendant,** | § § | |

# DEFENDANT WRIGHT'S BRIEF IN SUPPORT OF COSTS AND FEES

This brief is filed pursuant to the Order Denying Motion to Realign, Granting Motion to Remand, and Awarding Costs and Fees (doc. 22, the "Order"), which directs that "Wright shall electronically file a brief of no more than five pages discussing the reasonableness of the costs and fees she claims to have incurred in opposing removal." Order (doc. 22), p. 2.

**Reasonable Rate**

The lodestar method is appropriate for determining the amount of fees to which Emily Wright is entitled. *Park Nat'l Bank of Houston v. Kaminetzky*, 976 F.Supp. 571, 584 (S.D.Tex.1996) ("Section 1447(c) awards payments of just costs and reasonable attorney's fees incurred as a result of an improper removal") and *Summit Mach. Tool Mfg. Corp. v. Great N. Ins. Co.*, 883 F.Supp. 1532, 1533-34 (S.D.Tex.1995) ("In computing an attorney fees award under § 1447(c), the Court first multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate" and then "determine whether any exceptional circumstances warrant the adjustment of the award upward or downward. These include the skill required; preclusion of other employment; the attorney's customary fee; time limitations imposed by client; amount

involved and results obtained; experience and reputation of attorney; undesirability of the case; nature and length of the professional relationship; and awards in similar cases.[1] *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 720 (5th Cir.1974); *Penrod*, 764 F.Supp. at 1148"). *See also Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1134 (10th Cir. 2001). It is also appropriate for this Court to keep in mind the purposes of awarding fees and expenses under § 1447(c): to avoid the deterrence of proper removals and to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005).

The Supreme Court has made clear that the reasonable hourly rate used in calculating the lodestar amount should be the "prevailing market rat[e] in the relevant community." *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 1547, 79 L. Ed. 2d 891 (1984). "[T]he relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (citation and internal quotation marks omitted); see also *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381-83 (5th Cir. 2011) (stating that, except in certain limited circumstances, district courts must "consider the customary fee for similar work 'in the community,'" not rate charged in out-of-district attorney's home community). Except when the litigation is so unusual that only an out-of-state lawyer would possess the necessary expertise, the fee rates of the local area should generally be applied even to lawyers from another state. *Jane L. v. Bangerter*, 61 F.3d 1505,

---

[1] These factors, to the extent pertinent, are discussed in **Exhibit B**. Since *Johnson* was decided, the U.S. Supreme Court has forbidden the use of two other facts listed in Johnson but not mentioned above: (A) the contingent nature of the case cannot serve as a basis for enhancement of attorneys' fees "City of Burlington v. Dague, 505 U.S. 557, 567, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992)). Accordingly, whether Wright's agreement with her attorneys is hourly or contingent is not relevant. (B) "The novelty and complexity of the issues presumably were fully reflected in the number of billable hours recorded by counsel and thus do not warrant an upward adjustment in a fee based on the number of billable hours times." *Blum v. Stenson*, 465 U.S. 886, 898, 104 S. Ct. 1541, 1549, 79 L. Ed. 2d 891 (1984).

1510 (10th Cir. 1995) (affirming district court's application of Salt Lake City billing rates to New York City lawyers, where litigation took place in Salt Lake City).

"The Fifth Circuit has noted that a court is itself an expert in attorneys' fees and 'may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses as to value.'" *In re OCA, Inc. Sec.*, 2009 WL 512081, at *25 (quoting Campbell v. Green, 112 F.2d 143, 144 (5th Cir. 1940)). Samples of hourly rates in this district are set forth on **Exhibit A**. These rates range from $395 per hour to $810 per hour. Defense counsels' qualifications are set forth on **Exhibit B** and **Exhibit C**.

## Scope of Fees and Expenses Sought

Defendant Wright recognizes that this federal Court cannot award attorney fees which were incurred in state court, and no such fees are requested. However, reasonable fees for Wright's counsel spent in this federal Court should be awarded.

Solely as the result of the plaintiff's improper removal, defendant's lead counsel was required to be admitted to this Court *pro hac vice*. Next, defense counsel were required to not only file a motion to remand (doc. 6) (and a subsequent reply brief (doc 16)), but also respond to the plaintiff's motion to realign the parties (doc. 13). As is set forth in Part III of the Order, the issue of realignment was pressed by plaintiff in an effort to bolster its alleged ground for removal. Because it was necessary for Wright's counsel to battle against realignment sought by the plaintiff in order ensure remand of this case to state court, the fees relating to the plaintiff's realignment motion are also fees relating to the issue of removal.

Furthermore, the plaintiff sought leave to file a second brief in opposition (doc. 18) to Wright's motion to remand (doc. 6). This forced Wright's counsel to prepare and file a brief in

opposition (doc. 19) to the plaintiff's request, and the Court agreed with Wright and denied the plaintiff's request (doc. 22).

In addition, time spent researching and writing the attorney fees request is appropriately included in the attorney fees awarded under § 1447(c). *Albion Pac. Prop. Res., LLC v. Seligman*, 329 F. Supp. 2d 1163, 1176 (N.D. Cal. 2004) (finding 9.5 hours for such researching and writing an attorney fee request was reasonable). *See also Mints v. Educ. Testing Serv.,* 99 F.3d 1253, 1259 (3d Cir. 1996) ("section 1447(c) does not provide that the court may require the defendant to pay only the plaintiff's costs and attorney's fees incurred in a motion to remand. Rather, section 1447(c) provides that the court may require payment of the costs and fees 'incurred as a result of the removal. Such costs and fees could include items distinct from those incurred on a motion to remand"). Time spent researching and writing this attorney fees request is included in this request. Time spent reviewing the plaintiff's response brief, and time spent researching and writing Wright's reply brief will be included in Wright's reply brief.

## Amount Sought

Because more time will be incurred in securing an award of attorney fees, defendant Wright is currently unable to state a particular amount. Defendant Wrights requests that Court determine that the reasonable hourly rate for Wright's counsel is $450 per hour,[2] and that the Court award attorney fees as follows:

1. Reasonable fees for hours expended by Brett Agee through the filing of this brief: 39.0 hours (as reflected on **Exhibit B**) x $450/hour x 2.0 multiplier[3] = $35,100;

2. Reasonable fees for hours expended by Bryan G. Harston through the filing of this brief: 13.7 hours (as reflected on **Exhibit C**) x $450/hour x 2.0 multiplier[4] = $12,330; and

---

[2] As is detailed in **Exhibit A-2**, Plaintiff's counsel (Brant Martin) was charging $395 per hour with 14 years of litigation experience. However, Wright's counsel both have over 27 years of litigation experience.
[3] The multiplier is discussed in **Exhibit B**.

3. Reasonable fees for hours expended by Wright's counsel in replying to plaintiff's response brief (to be detailed in Wright's reply brief) x $450/hour x 2.0 multiplier.

In addition, Wright requests an award of expenses in the amount of $166.43 (see **Exhibit B**, ¶ 12, and **Exhibit B-2**, pp. 4-5).

/s/ *Brett Agee*
Brett Agee
Texas State Bar No. 24099237
brett.agee@gaclawyers.com
GARVIN AGEE CARLTON, P.C.
P.O. Box 10
Pauls Valley, OK 73075
Telephone: (405) 238-1000
Fax: (405) 238-1001

**Certificate of Service**

On March 7, 2015 I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5 (b)(2).

I further certify that a true and correct copy of the foregoing document (with a notice of electronic filing affixed to the front thereof) was mailed to:

Honorable Terry Means
501 W. 10th St., Rm. 502
Fort Worth, TX 79101

s/ *Brett Agee*

---

[4] The multiplier is discussed in **Exhibit B**.