# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11152

RENEGADE SWISH, L.L.C.,

    Plaintiff - Appellee

v.

EMILY A. WRIGHT,

    Defendant - Appellant

United States Court of Appeals
Fifth Circuit
**FILED**
May 22, 2017

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 17 2017
CLERK, U.S. DISTRICT COURT
By _____ Deputy

Appeal from the United States District Court
for the Northern District of Texas

Before STEWART, Chief Judge, and HIGGINBOTHAM and COSTA, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

    The issue in this case is whether Plaintiff Renegade Swish had an objectively reasonable basis to remove to federal court. Finding that it did not, we VACATE that portion of the district court's order that concluded otherwise and REMAND for the district court to consider anew whether costs and fees are warranted.

## I.

    Plaintiff-Counter Defendant Renegade Swish, LLC ("Renegade Swish") employed Defendant-Counter Plaintiff Emily Wright ("Wright") between 2012 and 2015. In June of 2015, Renegade Swish sued Wright in state court for

Case: 16-11152 Document: 00514075197 Page: 2 Date Filed: 07/17/2017
Case 4:15-cv-00677-Y Document 41 Filed 07/17/17 Page 2 of 15 PageID 506

No. 16-11152

breach of employment agreement-related claims. Wright counterclaimed based on unpaid bonuses and Fair Labor Standards Act ("FLSA") violations. Soon after, Renegade Swish nonsuited its claims without prejudice and moved to realign the parties in the state court.

Before the state court decided on the motion to realign, Renegade Swish noticed its removal to federal court, asserting that removal was proper because "the affirmative civil claims pending in the lawsuit arise under the Constitution, laws, or treaties of the United States." It argued that the district court case of *Sadeghian v. City of Aubrey, Texas*,[1] "illustrates that removal by a counter-defendant, after non-suiting its initial claim, is proper when the counterclaim asserted raises a federal question." In its notice of removal, Renegade Swish also re-urged that the parties be realigned. And upon being removed, Renegade Swish formally moved in federal court to realign the parties.

After the case arrived in federal court, Wright moved for remand and attorney's fees. Citing the Supreme Court case of *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*,[2] Wright argued that Renegade Swish "lacked an objectively reasonable basis for seeking removal" and requested costs pursuant to 28 U.S.C. § 1447(c). Renegade Swish countered that it was the "functional defendant."

On February 22, 2016, the district court denied Renegade Swish's motion to realign, granted Wright's motion to remand, and awarded her costs and fees. It relied on *Holmes Group* to conclude that "Wright's FLSA counterclaim

---

[1] No. CIV. A. 300CV2561-D, 2001 WL 215931 (N.D. Tex. Mar. 1, 2001).
[2] 535 U.S. 826 (2002).

2

Case 4:15-cv-00677-Y Document 41 Filed 07/17/17 Page 3 of 15 PageID 507
Case: 16-11152 Document: 00514075197 Page: 3 Date Filed: 07/17/2017

No. 16-11152

against Renegade Swish cannot serve as the basis for federal-question jurisdiction" and found that *Holmes Group* effectively overruled *Sadeghian*.[3]

Renegade Swish moved for partial reconsideration of the district court's February 22 order under Federal Rule of Civil Procedure 59(e). Renegade Swish did not challenge the remand order; it only sought reconsideration of the award of costs and fees, arguing that it had an "objectively reasonable" basis to remove. It argued that there was a split in district court authority, that *Holmes Group* "did not definitively resolve the conflict," and that there were no credible allegations of forum shopping or increased litigation costs.

On June 23, 2016, in a one-page order, the district court granted Renegade Swish's motion to reconsider. The court reasoned that "in light of the split of district-court authority as to whether removal under the circumstances involved in this case was proper, Renegade Swish had an objectively reasonable basis for attempting to remove this action from state court." The court noted that "[t]o the extent that [it] previously concluded that [*Holmes Group*] 'effectively overrules' the decision in *Sadeghian* [], the Court now believes it may have painted with too broad a brush." The district court thus vacated the portion of its previous order assessing costs and fees against Renegade Swish.

Wright now appeals.

## II.

Renegade Swish removed this action to the district court based on federal question jurisdiction under 28 U.S.C. §§ 1331, 1441. This Court has jurisdiction under 28 U.S.C. § 1291. "Although this Court may not review a

---

[3] After the ruling, Wright filed a brief in support for costs and fees.

3

Case: 16-11152   Document: 00514075197   Page: 4   Date Filed: 07/17/2017
Case 4:15-cv-00677-Y   Document 41   Filed 07/17/17   Page 4 of 15   PageID 508

No. 16-11152

district court's remand for lack of subject matter jurisdiction, we may review the district court's award of attorney fees."[4]

### III.

The district court originally awarded Wright fees under 28 U.S.C. § 1447(c),[5] but upon a motion for reconsideration, reversed course. The only question on appeal is whether Renegade Swish had an "objectively reasonable basis" for removal such that awarding fees to Wright was improper.[6] The parties dispute whether this Court reviews this question *de novo* or for abuse of discretion.

This Court "review[s] the district court's decision not to award costs and attorney's fees under § 1447(c) for abuse of discretion."[7] Wright does not dispute this, but suggests that because she appeals an order decided pursuant to Rule 59(e) on a point of law, *de novo* review is appropriate, an argument not without merit.[8] Indeed, there is some uncertainty in our doctrine regarding the

---

[4] *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004) (citations and footnote omitted).

[5] That provision states in relevant part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

[6] *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005) ("[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.").

[7] *CamSoft Data Sys., Inc. v. S. Elecs. Supply, Inc.*, 638 F. App'x 255, 259 (5th Cir. 2015) (per curiam) (unpublished) (footnote omitted); *accord Grand View PV Solar Two, LLC v. Helix Elec., Inc./Helix Elec. of Nevada, L.L.C., J.V.*, 847 F.3d 255, 259 (5th Cir. 2017) ("We review the district court's denial of fees for abuse of discretion.") (citing *Garcia v. Amfels, Inc.*, 254 F.3d 585, 587 (5th Cir. 2001)).

[8] *DeCarlo v. Bonus Stores, Inc.*, 512 F.3d 173, 175 (5th Cir. 2007), *certified question answered*, 989 So. 2d 351 (Miss. 2008) ("While we usually review a denial of a Rule 59(e) motion under an abuse of discretion standard, if the appellant is clearly appealing the entire case solely with regards to questions of law, we construe the appeal as concerning the merits of the summary judgment, which we review *de novo*.") (citation omitted)); *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 721–22 (5th Cir. 2013) (This Court "'generally review[s] a decision on a motion to alter or amend judgment under Rule 59(e) for abuse of discretion.' 'To the extent that a ruling was a reconsideration of a question of law, however, the standard

4

Case: 16-11152 Document: 00514075197 Page: 5 Date Filed: 07/17/2017
Case 4:15-cv-00677-Y Document 41 Filed 07/17/17 Page 5 of 15 PageID 509

No. 16-11152

standard of review on the objective reasonableness of removal,[9] but we need not resolve it today. Even assuming *arguendo* that we review for abuse of discretion—a deferential standard[10] that here favors Renegade Swish— Renegade Swish plainly lacked an objectively reasonable basis to remove. In September 2015, when Renegade Smith removed, the Supreme Court had established that a defendant's counterclaim could not furnish federal question jurisdiction.

Wright argues that *Holmes Group* stands for the principle that "a counterclaim asserting a federal question may not serve as the basis for removal of an action." She avers that *Holmes Group* is determinative, though also points to Fifth Circuit precedent to support her argument. Wright argues that *Holmes Group* overruled *Sadeghian v. City of Aubrey*, the first case upon which Renegade Swish relies, as did *Blanco v. Equable Ascent Financial*.[11] Wright further argues that *Hickman v. Alpine Asset Management*,[12] another case upon which Renegade Swish relies, is not controlling, did not incorporate *Holmes Group*, and is distinguishable on the basis of the parties consenting to removal and realignment.

Renegade Swish responds that it was unable to receive a hearing and ruling on its motion to realign in the state court before the deadline for removal. It argues that federal court authority—namely *Sadeghian*— supported its decision to seek removal. Renegade Swish contends that because

---

of review is *de novo*.'" (citations omitted)); *Kmart Corp. v. Fulton Improvements, L.L.C.*, 605 F. App'x 374, 376 (5th Cir. 2015) (per curiam) (unpublished).

[9] *See Admiral Insurance Co. v. Abshire*, 574 F.3d 267, 280–81 (5th Cir. 2009); *CamSoft Data Sys.*, 638 F. App'x at 259.

[10] *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010) (per curiam).

[11] No. EP-12-CV-134-PRM, 2012 WL 2155005 (W.D. Tex. June 13, 2012).

[12] 919 F.Supp.2d 1038 (W.D. Mo. 2013).

5

Case: 16-11152    Document: 00514075197    Page: 6    Date Filed: 07/17/2017
Case 4:15-cv-00677-Y   Document 41   Filed 07/17/17   Page 6 of 15   PageID 510

No. 16-11152

the law regarding its ability to remove was unsettled, it had "an objectively reasonable basis" to remove. It avers that *Holmes Group* is not so clearly controlling, and that a Western District of Missouri case, *Hickman*, supports its position.

28 U.S.C. § 1441(a) governs removal from state to federal court:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Pursuant to 28 U.S.C. § 1331,[13] the district courts have original jurisdiction of suits involving federal questions. The Supreme Court has explained that "under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law."[14] The well-pleaded complaint rule is well-established:

> [W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.[15]

In *Holmes Group*, a case concerning the Federal Circuit's appellate jurisdiction, the Supreme Court elaborated on the function of the well-pleaded

---

[13] That provision states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[14] *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 10 (1983) (footnote omitted).

[15] *Id.* (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914)).

6

Case: 16-11152 Document: 00514075197 Page: 7 Date Filed: 07/17/2017
Case 4:15-cv-00677-Y Document 41 Filed 07/17/17 Page 7 of 15 PageID 511

No. 16-11152

complaint rule in the presence of federal question counterclaims. After Plaintiff Holmes Group sued Defendant Vornado in federal district court for trade-dress infringement claims, Defendant Vornado "asserted a compulsory counterclaim alleging patent infringement."[16] The district court ruled in favor of the plaintiff, after which Defendant Vornado appealed—not to the Tenth Circuit, but to the Court of Appeals for the Federal Circuit.[17] Because "the Federal Circuit's jurisdiction is fixed with reference to that of the district court, and turns on whether the action arises under federal patent law[,]"[18] the Supreme Court considered whether the Federal Circuit had "appellate jurisdiction over a case in which the complaint *d[id] not* allege a claim arising under federal patent law, but the *answer* contain[ed] a patent-law counterclaim."[19]

The Court referred to its 28 U.S.C. § 1331 "arising under" jurisprudence. As the Court explained, the Federal Circuit's grant of jurisdiction is found in 28 U.S.C. § 1295.[20] In 2002, when *Holmes Group* was decided, § 1295 granted the Federal Circuit jurisdiction "of an appeal from a final decision of a district court of the United States . . . if the jurisdiction of that court was based, in whole or in part, on section 1338 of this title . . . ."[21] Section 1338, in turn,

---

[16] *Holmes Group*, 535 U.S. at 828.
[17] *Id.* at 829.
[18] *Id.* (footnote omitted).
[19] *Id.* at 827 (emphasis added).
[20] *Id.* at 829.
[21] 28 U.S.C. § 1295(a)(1) (2002). Congress has since amended 28 U.S.C. § 1295 in the Leahy–Smith America Invents Act, Pub. L. No. 112–29, 125 Stat. 284 (2011). *See In re Rearden LLC*, 841 F.3d 1327, 1331 (Fed. Cir. 2016) ("Congress amended our jurisdictional statute through the America Invents Act to broaden our jurisdiction to include compulsory counterclaims "arising under" patent law. Previously, the Supreme Court's decision in *Holmes Group* [], had effectively limited our jurisdiction to patent law claims asserted in a well-pleaded complaint. It was explained that the amendment to our jurisdictional statute, would counteract the potential for *Holmes Group* to 'lead to an erosion in the uniformity or coherence in patent law that has been steadily building since the [Federal] Circuit's creation

Case: 16-11152     Document: 00514075197     Page: 8     Date Filed: 07/17/2017
Case 4:15-cv-00677-Y  Document 41  Filed 07/17/17  Page 8 of 15  PageID 512

No. 16-11152

granted district courts jurisdiction "of any civil action *arising under* any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."[22] Because § 1338(a) "use[d] the same operative language as 28 U.S.C. § 1331, the statute conferring general federal-question jurisdiction ... '[l]inguistic consistency' require[d] [the Court] to apply the same test to determine whether a case arises under § 1338(a) as under § 1331."[23]

The Court began by noting that "[t]he well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331."[24] Relevant here, the Court reminded that "[t]he well-pleaded-complaint rule also governs whether a case is removable from state to federal court pursuant to 28 U.S.C. § 1441(a)[.]"[25] Applying the rule, *Holmes Group* found "it [wa]s undisputed that petitioner's well-pleaded complaint did not assert any claim arising under federal patent law[,]" and concluded that "[t]he Federal Circuit therefore erred in asserting jurisdiction over th[e] appeal."[26]

The Court directly rejected Defendant Vornado's argument that a counterclaim could provide the basis for "arising under" jurisdiction,[27] noting that it had "declined to adopt proposals that 'the answer as well as the complaint ... be consulted before a determination [is] made whether the case 'ar[ises] under' federal law ... .'"[28] The Court further reasoned that "[a]llowing

---

in 1982.'" (citations omitted)); *accord Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1180 n.1 (10th Cir. 2015).

[22] 28 U.S.C. § 1338(a) (emphasis added).
[23] *Holmes Group*, 535 U.S. at 829–30.
[24] *Id.* at 830 (footnote and citation omitted).
[25] *Id.* at 830 n.2.
[26] *Id.* at 830.
[27] *Id.*
[28] *Id.* at 831 (citations omitted).

8

No. 16-11152

a counterclaim to establish 'arising under' jurisdiction would . . . contravene the longstanding policies underlying our precedents."[29]

The Supreme Court reaffirmed this principle in *Vaden v. Discover Bank*.[30] In *Vaden*, the Court held that there was no federal question jurisdiction when a plaintiff's claims were based on state law and a defendant's counterclaims were preempted by federal law.[31] It explained, "[t]his Court's decision in *Holmes Group* . . . held that federal-question jurisdiction depends on the contents of a well-pleaded complaint, and may not be predicated on counterclaims."[32] The *Vaden* Court recounted that its ruling in *Holmes Group* was "emphatic[]"—"[w]ithout dissent, the Court held . . . that a federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction."[33] In short, *Holmes Group* and *Vaden* extinguished any possibility that a counterclaim can establish federal question jurisdiction. Our own case law is in agreement.[34] In the face of such precedent, Renegade Swish lacked an objectively reasonable basis to seek removal.

---

[29] *Id.* at 831–32 (explaining it "would leave acceptance or rejection of a state forum to the master of the counterclaim," would "radically expand the class of removable cases," and "would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine").

[30] 556 U.S. 49, 62 (2009) ("Under our precedent construing § 1331, as just explained, counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance.").

[31] *See id.* at 54.

[32] *Id.* at 56 (citation omitted).

[33] *Id.* at 60 (footnote omitted).

[34] *See In re Crystal Power Co., Ltd.*, 641 F.3d 82, 85 n.10 (5th Cir. 2011) ("The Supreme Court has been clear that when a party voluntarily enters state-court litigation as a plaintiff, the subsequent filing of a counter-claim or cross-claim against it does not allow that party to invoke the right of removal conferred only on true defendants." (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 105–08 (1941)); *State of Tex. By & Through Bd. of Regents of Univ. of Texas Sys. v. Walker*, 142 F.3d 813, 816 (5th Cir. 1998); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326–27 (5th Cir. 1998) ("When an action is brought to federal court through the § 1441 mechanism, 'for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for

No. 16-11152

Additionally, the text of 28 U.S.C. § 1441 itself counsels against Renegade Swish's ability to remove. Section 1441(a) grants the power to remove to "defendants,"[35] yet Renegade Swish is the original plaintiff. Although it argues it was the "functional" defendant after Wright asserted FLSA counterclaims, Renegade Swish removed *before* the parties were realigned—and there is no guarantee that they would have been. "Perhaps events could have unfolded differently," but, just as the Court in *Vaden* refused to read into Section 4 of the Federal Arbitration Act, 28 U.S.C. § 1441 "does not invite federal courts to dream up counterfactuals when actual litigation has defined the parties' controversy."[36] Renegade Swish's "hypothesizing about the [realignment] that might have [occurred] does not provide a basis for federal-court jurisdiction."[37] This Court "evaluate[s] the objective merits of removal at the time of removal,"[38] and at the time of removal, Renegade Swish was the plaintiff. Furthermore, "allowing responsive pleadings by the defendant to establish 'arising under' jurisdiction would undermine the clarity and ease of

---

removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim.'" (citations omitted)); *In re Adams*, 809 F.2d 1187, 1188 n.1 (5th Cir. 1987) ("Appellant strenuously argues that he pleaded counterclaims based on federal antitrust law. The district court aptly noted that these are unavailing to compel federal court jurisdiction, based on the well-pleaded complaint rule." (citations omitted)).

[35] The provision states: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant* or the *defendants*, to the district court of the United States . . ." (emphasis added). *See also Shamrock Oil & Gas Corp.*, 313 U.S. at 106–07 (discussing history of removal statutes).

[36] *Vaden*, 556 U.S. at 68 (footnote omitted).

[37] *Id.* at 68 n.17.

[38] *Riverside Const. Co. v. Entergy Mississippi, Inc.*, 626 F. App'x 443, 445 (5th Cir. 2015), *as revised* (Oct. 16, 2015) (per curiam) (unpublished) (quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)); *accord Hornbuckle*, 385 F.3d at 541; *Omega Hosp., L.L.C. v. Louisiana Health Serv. & Indem. Co.*, 592 F. App'x 268, 270 (5th Cir. 2014) (per curiam) (unpublished).

10

Case: 16-11152    Document: 00514075197    Page: 11    Date Filed: 07/17/2017
Case 4:15-cv-00677-Y   Document 41   Filed 07/17/17   Page 11 of 15   PageID 515

No. 16-11152

administration of the well-pleaded-complaint doctrine, which serves as a 'quick rule of thumb' for resolving jurisdictional conflicts."[39] Finally, as a district court concluded in the face of a similar argument for removal, to allow an original plaintiff to remove in this situation could invite strategic dismissals and forum shopping.[40]

Nonetheless, Renegade Swish insists that "[a] split of authority on the availability of removal constituted an objectively reasonable basis for [its] removal." Renegade Swish is correct that unsettled law can provide an objectively reasonable basis for removal, but its contention that authority is split on "whether a plaintiff who has nonsuited its state claims and faces a federal counterclaim can remove" is unpersuasive. On one side of this alleged split, Renegade Swish avers, is *Sadeghian v. City of Aubrey, Texas*,[41] which found removal to be proper when a plaintiff nonsuited its state law claims and removed based on the defendant's federal law counterclaims.[42] The *Sadeghian* district court relied on a "'functional' test that examine[d] which parties' claims constitute[d] the 'mainspring of the proceedings.'"[43] But *Sadeghian* predates

---

[39] *Holmes Group*, 535 U.S. at 832 (citation omitted).

[40] *See Chancellor's Learning Sys., Inc. v. McCutchen*, No. 1:07 CV 1623, 2008 WL 269535, at *3 (N.D. Ohio Jan. 29, 2008) ("Chancellors brought a breach of contract action in state court against Ms. McCutchen. Ms. McCutchen answered and filed a counterclaim asserting a claim under a federal statute. Thereafter, plaintiff Chancellors makes a strategic decision to dismiss its complaint without prejudice and remove the action to federal court on the same day . . . Chancellors' claim has not been adjudicated and by dismissing without prejudice, Chancellors may intend to re-assert the claim as a counterclaim in federal court if removal is permitted. Even if it does not re-file its claim as a counterclaim, it clearly intends to use it as a setoff to Ms. McCutchen's claims. Accordingly, the Court finds that Chancellors is not a functional defendant and will not re-align the parties to enable Chancellors to forum shop. As Chancellors is not a defendant it may not remove the action based on Ms. McCutchen's counterclaim.").

[41] No. CIV. A. 300CV2561-D, 2001 WL 215931 (N.D. Tex. Mar. 1, 2001).

[42] *Id.* at *1. The district court held this even though there was "no indication in the record that the state court ever formally realigned the parties." *Id.*

[43] *Id.* (citations omitted).

11

Case: 16-11152  Document: 00514075197  Page: 12  Date Filed: 07/17/2017
Case 4:15-cv-00677-Y  Document 41  Filed 07/17/17  Page 12 of 15  PageID 516

No. 16-11152

*Holmes Group* and *Vaden*, which effectively overruled the decision. Renegade Swish points to authority for the "functional" analysis, but the cases it cites to also predate *Holmes Group* and *Vaden* and are not directly on point. Furthermore, *Blanco v. Equable Ascent Fin., LLC*[44] expressly disagreed with *Sadeghian*. Whereas Renegade Swish frames *Blanco* as the other side of a district court split, *Blanco* is better understood as the natural progression of doctrine post-*Holmes Group*. *Blanco* cited both *Holmes Group* and *Vaden* to conclude that removal was improper where the original plaintiff nonsuited its claims and removed on the basis of the defendant's counterclaims.[45] The *Blanco* court found the plaintiff's reliance on *Sadeghian* to be objectively unreasonable.[46] Simply put, Renegade Swish has not identified an actual district court split as to whether removal is proper on the basis of federal counterclaims after a plaintiff nonsuits its claims.

Next, Renegade Swish asserts that "*Holmes Group* is not 'clearly controlling' and did not definitely resolve the conflict." It first argues that *Holmes Group* is procedurally distinct. Although *Holmes Group* concerned the Federal Circuit Court's jurisdiction, the Court was clear that it relied upon its § 1331 "arising under" jurisprudence.[47] Renegade Swish also argues *Holmes Group* is factually distinct. But these factual distinctions are not meaningful given *Holmes Group*'s statement that "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve

---

[44] No. EP-12-CV-134-PRM, 2012 WL 2155005 (W.D. Tex. June 13, 2012).
[45] *See id.* at *1–2.
[46] *See id.* at *2–3. Another district court notes that *Sadeghian* "was decided before *Holmes Group* and is therefore without persuasive value." *Cross Country Bank v. McGraw*, 321 F. Supp. 2d 816, 819 n.4 (S.D.W. Va. 2004).
[47] *See Holmes Group*, 535 U.S. at 829–30.

as the basis for 'arising under' jurisdiction."[48] Renegade Swish additionally argues why each of the three "*Holmes Group* justifications" do not apply to its case. However, the Court identified those policies as further justification for the rule at which it was arriving, not individual reasons up for debate on the facts of any given removal case.[49] In any event, whether Renegade Swish's position would align with, or undermine, those policies is debatable.[50] Renegade Swish argues that at the time of removal, it should have been viewed as the defendant, and that "neither *Shamrock Oil* nor *Holmes Group* forecloses th[e] practical view of *what* is the complaint and *who* is the defendant, and this Court has not addressed the issue." Renegade Swish may be correct that its particular argument has not been directly addressed by our Court, but this is likely because no party has before supposed that such an argument was viable in the face of 28 U.S.C. § 1441, *Holmes Group*, *Vaden*, and our own precedent. Indeed it is not.[51]

Renegade Swish nevertheless presses that "[p]ost-*Holmes Group* authority has upheld removal by an initial plaintiff who nonsuited claims." Specifically, Renegade Swish points to *Hickman v. Alpine Asset Management Group*, which found removal to be proper when the original plaintiff dismissed its state claims against the original defendant, and the only remaining claims were those under federal law.[52] The *Hickman* court, which cited to neither *Holmes Group* nor *Vaden*, found that "the nature of the[] claims changed when

---

[48] *Id.* at 831 (citations omitted).
[49] *Id.* ("Allowing a counterclaim to establish 'arising under' jurisdiction would also contravene the longstanding policies underlying our precedents.").
[50] *See Id.* at 831–32.
[51] *E.g.*, *Vaden*, 556 U.S. at 60 ("Nor can federal jurisdiction rest upon an actual or anticipated counterclaim. We so ruled, emphatically, in *Holmes Group*[.]").
[52] *See* 919 F. Supp. 2d 1038, 1040–41 (W.D. Mo. 2013).

13

Case: 16-11152 Document: 00514075197 Page: 14 Date Filed: 07/17/2017
Case 4:15-cv-00677-Y Document 41 Filed 07/17/17 Page 14 of 15 PageID 518

No. 16-11152

[the plaintiff] dismissed all claims[,]"[53] and "[t]he law does not support that once a counterclaim, always a counterclaim, or that once a plaintiff always a plaintiff."[54] This district court case is undoubtedly helpful to Renegade Swish's argument; however, a single out-of-circuit district court case that conflicts with Supreme Court precedent is insufficient to find a party's basis for removal objectively reasonable.

In *Riverside Construction*, for example "[the defendant] presented the district court with colorable arguments, supported by facts and authority, that its contract with [the plaintiff] was a maritime contract" so as to support federal removal.[55] Further, an amendment to 28 U.S.C. § 1441(b) resulted in "disagreement among district courts in this circuit" regarding the removability of general maritime claims.[56] This Court held "that the district court did not abuse its discretion in concluding that [the defendant] had an objectively reasonable basis for attempting to remove this case to federal court such that fees and expenses should be denied."[57] As compared to *Riverside Construction*, where the disagreement among the courts was "hotly contested,"[58] any disagreement here is tepid and lopsided. Similarly, this Court has found a defendant's removal objectively reasonable when case law from other circuits arguably supported removal and this Circuit had not yet decided the precise question.[59] But here, Renegade Swish points only to *Hickman* as a post-*Holmes Group* case that supports its position on removal, a case from which district

---

[53] *Id.* at 1042.
[54] *Id.* at 1043.
[55] 626 F. App'x at 446–47 (citation and footnote omitted).
[56] *Id.* at 447 (citations omitted).
[57] *Id.* (citation omitted).
[58] *Id.* (quoting *Boudreaux v. Global Offshore Res., LLC*, No. 14–CV–2508, 2015 WL 419002, at *1 (W.D.La. Jan. 30, 2015)).
[59] *See Omega Hosp.*, 592 F. App'x at 271–72.

courts have since distanced themselves.[60] *Hickman* does not make Renegade Swish's position objectively reasonable.

## IV.

In sum, Renegade Swift did not have an objectively reasonable basis for removal, and the district court abused its discretion in finding otherwise. We accordingly VACATE that part of the district court's order and REMAND for the district court to consider anew whether costs and fees are warranted.

---

[60] *See, e.g., VIP PDL Serv., LLC v. Am. Arbitration Ass'n*, No. SACV 16-2064-DOC (JCGx), 2017 WL 167857, at *3 (C.D. Cal. Jan. 17, 2017) ("[I]n a subsequent line of cases, several courts have declined to follow *Hickman*." (collecting cases)).